UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE:<br><br>City Loft Hotel, LLC,<br><br>Debtor.<br><br>City Loft, LLC,<br><br><br>Debtor. | C/A No. 11-06127-dd<br><br>Chapter 11-Jointly Administered<br><br>C/A No. 11-06160-dd<br><br>**ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT** |

This matter is before the Court on a Motion to Alter or Amend Judgment ("Motion") filed by City Loft Hotel, LLC ("Debtor") on June 18, 2012. Bank of the Ozarks ("Bank") filed an Objection to Debtor's Motion on July 3, 2012. The Motion is made in connection with the Court's Order entered June 4, 2012. The Court now makes the following Findings of Fact and Conclusions of Law.

**FINDINGS OF FACT**

Debtor filed for chapter 11 relief on September 30, 2011. Bank filed a Motion for Relief from Stay, Motion to Prohibit Use of Cash Collateral, and Motion to Designate Case as Single Asset Real Estate Case on November 22, 2011. Debtor filed Objections to all of these Motions on December 6, 2011. Debtor's counsel filed an Application for Compensation on November 22, 2011, and Bank objected on December 12, 2011. Debtor filed a Motion to Substantively Consolidate Debtor's case with its companion case, City Loft, LLC, on December 19, 2011, and Bank objected on January 6, 2012. A hearing was held on all matters on January 24, 2012. On February 1, 2012, the Court issued an Order granting Bank's Motion for Relief from Stay, Motion to Prohibit Use of Cash Collateral, and Motion to Designate Case as a Single Asset Real

Estate Case. The Order also denied Debtor's Motion to Substantively Consolidate and approved Debtor's counsel's Application for Compensation, but provided that the fees could not be paid using cash collateral given that the Court had prohibited the use of cash collateral.

Debtor's counsel filed a second Application for Compensation on February 7, 2012, and Bank again objected on February 15, 2012. The Court entered an Order approving the Application for Compensation on March 15, 2012, stating, "The issue of the use of retainer for payment of [Debtor's counsel's] fees is reserved pending a determination as to whether Bank of the Ozarks' lien extends to the retainer." On April 4, 2012, Bank filed a Motion for Disgorgement of Retainer. Debtor objected on May 14, 2012. A hearing was held on May 22, 2012, and on June 4, 2012, the Court entered an Order Granting Bank's Motion for Disgorgement of Retainer ("Disgorgement Order"). The Disgorgement Order provided, "The retainer paid by Debtor to its attorney was paid with revenues generated by the property and therefore constitutes Bank's cash collateral." Debtor filed the present Motion on June 18, 2012.

## CONCLUSIONS OF LAW

Debtor argues in its Motion that disgorgement was an extreme remedy, that professionals should be paid because all other obligations are being paid, and because the Court's ruling creates an undesirable precedent. Bank responds that Debtor's Motion does not cite any additional facts or case law and therefore there is no basis to alter or amend the Court's decision.

Debtor's Motion is based on Fed. R. Bankr. P. 9023. That Rule provides, "Except as provided in this rule and Rule 3008, Rule 59 F. R. Civ. P. applies in cases under the Code. A motion for a new trial or to alter or amend a judgment shall be filed, and a court may on its own order a new trial, no later than 14 days after entry of judgment."[1] The Fourth Circuit has

---

[1] Debtor's Motion was filed on the fourteenth (14) day after the Disgorgement Order was entered; thus, Debtor's Motion was timely.

identified three grounds for amending a judgment: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). A party may not use a Rule 59(e) motion to raise arguments or "novel legal theories" that he could have raised prior to the issuance of the Court's judgment. *Id.* The purpose of a motion for reconsideration is not for a party to relitigate matters that the Court has previously heard. *See id.* "In general, 'reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.'" *Id.* (citing 11 Wright et al., *Federal Practice and Procedure*, § 2810.1, at 124 (2d ed. 1995)).

No grounds exist for amending the judgment here. No change in law has occurred, there is no new evidence available that was not previously available, and no clear error of law or manifest injustice has occurred. In its objection to Bank's Motion for Disgorgement of Retainer, Debtor focused primarily on the argument that disgorgement was too harsh a remedy for the Court to employ in this case. Debtor's arguments are substantially similar here. Any arguments contained in Debtor's Motion that Debtor did not include in its objection to Bank's Motion for Disgorgement of Retainer could have previously been presented to the Court, prior to the issuance of its Order Granting Bank's Motion for Disgorgement ("Disgorgement Order"), but they were not. Debtor cannot now attempt to rely on arguments that it failed to raise when it had the chance.

Further, as the Court noted in its Disgorgement Order, Debtor's counsel had the opportunity to avoid this result. Debtor never made a request to the Court to use cash collateral. The Court stated in the Disgorgement Order that the holding was expressly limited to the facts in this particular case and that "[i]n other cases, Debtor's counsel can be paid from cash collateral if

the Court authorizes the use of cash collateral or if the creditor with a lien on cash collateral consents." Neither occurred in this case.

## CONCLUSION

For the reasons stated above, no basis exists to alter or amend the Court's decision. Debtor's Motion to Alter or Amend Judgment is denied.

AND IT IS SO ORDERED.

**FILED BY THE COURT**
**08/08/2012**



Entered: 08/09/2012

David R. Duncan
US Bankruptcy Judge
District of South Carolina